IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM GRAVES, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | NO. 02-cv-4056 |
| | : | |
| THE CHURCH OF THE LORD JESUS | : | |
| CHRIST OF THE APOSTALIC | : | |
| FAITH, INC., et al., | : | |
|     Defendants. | : | |

**O R D E R**

AND NOW, this      day of June, 2003, upon consideration of (1) Plaintiff's Amended Motion for Reimbursement for Costs of Service, filed by Kim Graves ("Plaintiff") on May 2, 2003, (2) the Motion to Dismiss filed by Defendant Anthonee J. Patterson ("Defendant Patterson") on May 22, 2003, and (3) the Renewed Motion for Judgment by Default, filed by Plaintiff on June 2, 2003, and the responses thereto, it is hereby ORDERED that:

(1) Plaintiff's Amended Motion for Reimbursement for Costs of Service (**Docket Entry No. 12**) is GRANTED in part and DENIED in part as outlined below;

(2) Defendant Patterson's Motion to Dismiss (**Docket Entry No. 15**) is DENIED; and

(3) Plaintiff's Renewed Motion for Judgment by Default (**Docket Entry No. 19**) is DENIED; it is further ORDERED that Plaintiff is granted leave to file an additional Renewed Motion for Default Judgment, provided such Renewed Motion includes reliable evidence establishing the existence of named Defendants the Church of the Lord Jesus

1

Christ of the Apostolic Faith, Inc., and the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and that service upon these two Defendants has been effectuated in compliance with Fed. R. Civ. P. 4 such that this Court has personal jurisdiction over these two Defendants, as discussed below.

1. **Plaintiff's Amended Motion for Reimbursement for Costs of Service.**

"If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2). Here, Defendant Patterson failed to comply with Plaintiff's request for waiver, and has failed to establish good cause for this failure. Thus, Plaintiff is entitled to reimbursement of costs, including "the costs subsequently incurred in effecting service . . . together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service," Fed. R. Civ. P. 4(d)(5). However, Plaintiff is not entitled to be reimbursed for attorney's fees incurred as a result of time spent by Plaintiff's attorney in arranging for formal service upon Defendant Patterson after he refused a waiver. See D'Agostine v. United Hosp. Supply Corp., 1996 WL 417266, at *5 (E.D. Pa. 1996). Nor does this Court believe that Plaintiff is entitled to be reimbursed for attorney's fees incurred as a result of time spent filing *both* the initial Motion for Reimbursement (filed on April 11, 2003, Docket Entry No. 8) *and* the Amended Motion for Reimbursement, since Plaintiff's initial Motion for Reimbursement was denied as insufficient (thus requiring Plaintiff to file the Amended Motion for Reimbursement).

Thus, Plaintiff is entitled to, and Defendant Patterson is ORDERED to reimburse Plaintiff for, (a) $270.00 for "the costs subsequently incurred in effecting service" (including $215.50 paid to the process server, $50.00 for courier service, and $4.50 for photocopying), plus (b) $1,250.00 for "the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service" (for 5 hours of work in preparing and filing the Amended Motion for Reimbursement), for a total of **$1,520.00**.

**2.      Defendant Patterson's Motion to Dismiss**

Defendant Patterson has filed a Motion to Dismiss for Failure to Join Persons Needed for Just Adjudication Pursuant to Fed. R. Civ. P. 19(b).  The persons and entities identified by Defendant Patterson are not "indispensable" parties, but rather are potential factual witnesses whose testimony will likely be of significant import in reaching a resolution as to whether Plaintiff is entitled to unpaid rent from Defendant Patterson.[1]  Because Defendant Patterson has not satisfied his burden of establishing that joinder is necessary for a fair and just adjudication, see F&M Distributors, Inc. v. American Hardware Supply Co., 129 F.R.D. 494, 496 (W.D. Pa. 1990), Defendant's Motion to Dismiss is denied.

---

[1] Defendant Patterson has cited two cases in support of his proposition that various parties are "indispensable" to this litigation.  The first, Federal Realty Inv. Trust v. Juniper Properties Group, 2000 WL 45996 (E.D. Pa. 2000), is inapposite because it involves a determination as to the right to possession of real property.  The second, Manufacturers Life Ins. Co. (U.S.A.) v. Stacey's Buffet, Inc., 1995 WL 710160 (E.D. Pa. 1995), is distinguishable on two grounds: (1) the Court in that case found that the party alleged to be indispensable might, at some future date, assert claims against the defendant for rental obligations, and that there was therefore a "substantial risk" that defendant might incur "multiple or inconsistent obligations" (whereas here, even taking Defendant Patterson's factual allegations as true, there is no basis upon which the allegedly indispensable parties might subsequently assert claims against Defendant Patterson for unpaid rent); and (2) the Court found that the allegedly indispensable party might be prejudiced if not made a party to the action as a result of applicable rules of law pertaining to senior and junior mortgagees (whereas here there is no basis for reaching such a conclusion).

3.      **Plaintiff's Renewed Motion for Judgment by Default**

Plaintiff has filed a Renewed Motion for Judgment by Default, arguing that because service has been effectuated upon Defendants the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and because these two Defendants have not filed a response to the Complaint, Plaintiff is entitled to Judgment by Default in the amount of $160,614.08. Plaintiff's claim that service of process has been effectuated upon these two Defendants is based upon two Return of Service forms (Docket Entry No.s 4 and 6) which indicate that Defendant Patterson was personally served with a summons and complaint on behalf of these two Defendants. However, Defendant Patterson now contends that, although he is the spiritual leader of a Philadelphia-based congregation known as 'The Church of the Lord Jesus Christ of the Apostolic Faith," this congregation is not an incorporated entity, and he has no knowledge of the existence of any incorporated entities named either the Church of the Lord Jesus Christ of the Apostalic Faith, Inc., or the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostalic Faith, Inc. See Answer of Defendant Patterson at ¶¶ 2-3.

"Before a default judgment can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682, at 14 (1998); see also, e.g., Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996). Here, Plaintiff has not established that the two named Defendants actually exist, and, even if they do exist, Plaintiff has not established that service upon Defendant Patterson individually satisfies the requirements of Fed. R. Civ. P. 4 regarding service upon corporations

and associates. Thus, there is no evidence to establish that the Court has jurisdiction over these two named Defendants, and for this reason the Motion for Default Judgment is denied. Plaintiff may submit an additional Renewed Motion for Default Judgment, provided such Renewed Motion includes affirmative evidence establishing the facts necessary to show that this Court has personal jurisdiction over the two named Defendants in question, and that Plaintiff is entitled to Default Judgment pursuant to Fed. R. Civ. P. 55.[2]

BY THE COURT:

Legrome D. Davis

---

[2] The Court notes that if, in fact, the two named Defendants in question are not incorporated entities, Plaintiff must also establish in any additional Renewed Motion for Default Judgment that the unincorporated organizations he seeks to sue have the capacity to be sued under the applicable state law. See Fed. R. Civ. P. 17(b).