IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kim Graves, | : | |
|     Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 02-CV-4056** |
| | : | |
| The Church of the Lord Jesus Christ | : | |
| of the Apostolic Faith, Inc, *et al.*, | : | |
|     Defendants. | : | |

**<u>ORDER</u>**

AND NOW, this      day of November, 2003, it is hereby ORDERED that the Motion to Strike the Pleading Entitled "Defendant Bishop Paterson's Answer to Plaintiff's Renewed Motion for Default Judgment" (Docket No. 26) filed on September 12, 2003 by Kim Graves ("Plaintiff") is DENIED.  The Renewed Motion for Default Judgment (Docket No. 24) filed on August 22, 2003 by Plaintiff is DENIED for insufficient proof of service.

The Motion to Strike the Pleading Entitled "Defendant Bishop Paterson's Answer to Plaintiff's Renewed Motion for Default Judgment" (Docket No. 26) filed on September 12, 2003 by Kim Graves ("Plaintiff") is DENIED.  "Upon motion made by a party...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  In the Motion for Default Judgment, Plaintiff seeks judgment against Defendant The Church of the Lord Jesus Christ of the Apostolic Faith, Inc. and Defendant Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.  In so doing, Plaintiff connects Bishop Anthonee Patterson to the entities named by classifying him as a "trustee."  Specifically, Plaintiff supports his contention that proper service was made upon "The Trustees of the General Assembly of the Church of the Lord

Jesus Christ of the Apostolic Faith, Inc." by suggesting that the service upon Bishop Patterson, the "general overseer" of "The General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc." as the designated "registered agent" sufficed. (Docket No. 24 at 10). In his Answer, Defendant Bishop Patterson does not purport to represent the interests of the other Defendants, but responds directly to Plaintiff's classification of the organizations and to the effectiveness of service. As such, the Court will consider Defendant Bishop Anthonee Patterson's Answer because it is a sufficient defense and offers material facts important to the Court's determination. The Motion to Strike (Docket No. 26) is DENIED.

The Renewed Motion for Default Judgment (Docket No. 24) filed on August 22, 2003 by Plaintiff is DENIED for insufficient proof of service. This Court recognizes that there exists multiple entities that share the generic identification "Church of the Lord Jesus Christ of the Apostolic Faith." A search of the database of corporate records for the Pennsylvania Department of State yielded over forty entities with similar names.[1] Only one such entity named Bishop Anthonee J. Patterson as its President. That entity, the General Assembly of the Church of the Lord Jesus Christ Apostolic Faith, Inc., filed on February 12, 2001 with an address of 6 North 9th Street, P.O. Box 109, Darby PA 19023. The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. exists as of July 10, 1947 with an address of 891 Main Street, Darby PA 19023 and named Bishop Kenneth N. Shelton as its President. This Court is not persuaded by Plaintiff's argument that in naming the "Trustees, " he intended to name the individual directors and/or officers of the first entity to which Bishop Patterson is associated and not the second entity to which Plaintiff has yet to effectuate service.

---

[1] https://wwwdos.beta.state.pa.us/CorpsApp/Corpsweb/Search/

A similar search of the Florida Department of Corporations database yielded multiple entities with similar names.[2] The General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. names Bishop Anthonee Patterson as its registered agent, a principal address of 1534 N. Davis Street, Jacksonville FL 32209, and a mailing address of P.O. Box 109 Darby Pa 19023.[3] It appears that Plaintiff has properly served Defendant Bishop Patterson, but has not properly named the entity that he represents. In the Complaint and in the Motion for Default Judgment, Plaintiff names "Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc." The only record in Florida of an entity with such a name lists a PA non-profit entity under the direction of Bishop Kenneth N. Shelton with an address of 701 S. 22nd Street, Philadelphia PA 19146. That entity names Minister James H. Brown at 1059 A. Philip Randolph Blvd, Jacksonville, FL, 32209 as its registered agent.[4] As Defendant Patterson's Answer and the independent search conducted by this Court make plain, Plaintiff has conflated multiple entities into his Complaint and Motion for Default Judgment. He has effectuated service at incorrect addresses to parties not named in this action. Again, the Court finds unpersuasive Plaintiff's suggestion that the overlap is an intentional effort to name individual directors and/or officers of Bishop Patterson's church. As Plaintiff's own argument indicates, had he sought to name individual directors, those persons information was readily available in the Uniform Business Report. (Docket No. 24 at 14). As such, service upon the other entities named in this action, Defendant The Church of the Lord Jesus Christ of the Apostolic Faith, Inc. and Defendant Trustees of the General Assembly of the Church of the Lord

---

[2] http://www.sunbiz.org/corpweb/inquiry/cormenu.html
[3] http://www.sunbiz.org/scripts/
[4] Id.

Jesus Christ of the Apostolic Faith, Inc., has not be effectuated and the Motion for Default Judgment is DENIED.

Finally, no later than Wednesday, November 26, 2003, Plaintiff must show cause why this action should not be dismissed as to Defendant The Church of the Lord Jesus Christ of the Apostolic Faith, Inc. and Defendant Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc. for failure to demonstrate that service upon these two Defendants has been effectuated in compliance with Fed. R. Civ. P. 4 such that this Court has personal jurisdiction over these two Defendants.

BY THE COURT:

Legrome D. Davis, J.