Frank J. Marcone, Esquire               Attorney ID#08967
Law Offices                              Telephone (610) 595 1441
127 Chester Pike                         Fax (610) 595 1448
Ridley Park, Pennsylvania 19078

_____

IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM GRAVES | : | **No.02-CV-4056** |
| 2238 East Deerfield Drive | : | |
| Upper Providence, Pennsylvania 19063 | : | |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| The Church of the Lord Jesus Christ | : | |
| of the Apostalic Faith, Inc., | : | |
| 1534 N. Davis Street | : | |
| Jacksonville, Florida 32209 | : | |
|     Defendant | : | |
| | : | |
| Trustees of the General Assembly of | : | |
| the Church of the Lord Jesus Christ | : | |
| of the Apostolic Faith, Inc. | : | |
| 1534 N. Davis Street | : | |
| Jacksonville, Florida 32209 | : | |
|     Defendant | : | |
| | : | |
|     and | : | |
| | : | |
| Bishop Anthonee J. Patterson | : | |
| 1534 N. Davis Street | : | |
| Jacksonville, Florida 32209 | : | |
|     Defendant | : | |

RESPONSE TO THE COURT'S "RULE TO SHOW CAUSE
WHY THE ACTION SHOULD NOT BE DISMISSED AS TO
DEFENDANT THE CHURCH OF THE LORD JESUS CHRIST OF THE

1

APOSTOLIC FAITH, INC., AND DEFENDANT TRUSTEES OF THE GENERAL ASSEMBLY OF CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., FOR FAILURE TO DEMONSTRATE THAT SERVICE UPON THESE TWO DEFENDANTS HAS BEEN EFFECTUATED IN COMPLIANCE WITH FED. R. CIV. P. 4."

Kim Graves, by his attorney, Frank J. Marcone, Esquire, files this "Response" to the Order of the Court dated November 12, 2003, and in response thereto avers the following:

1. Rule 7 of the Federal Rules of Civil Procedure limit Motions and Other Papers to the following:

> "(b)(1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order
> sought.  The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

2. There is no Motion before the Court to dismiss the suit against the Corporate Defendant and therefore, the Order of the Court dated November 12, 2003 is without a basis for relief in that respect.   As the Court properly states on page one of the Order; "Upon Motion made by a party...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter...citing Fed. R. Civ. P. 12(f)."   At this time, there is no "Motion made by a party" which would give rise to the content of the Order of November 12, 2003 and the Order must therefore be vacated.  There is no provision for an Order to be entered without being based upon a Motion filed by a party.

Further, it appears from the Order that the Court and not a party did research which was not part of the record and that research in part was the basis for the Order. This is improper procedure and does not provide the Plaintiff with an issue to address as is required by the Rules of Civil Procedure.

3. In the Motion for Judgment by Default, the Court erred in suggesting the Motion was for a Default against the Corporation known as the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and the Plaintiff invites the attention of the Court to the proposed Order which was attached to the "renewed" Motion for Default Judgment for that Order only requests Default against "THE TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC." and no mention was made of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.. Therefore, the reference made by the Court to that entry and that error which lead to the Order must be vacated as well as the Order resulting therefrom.

4. The Court thereafter refers to the suggestion that the Plaintiff "connects Bishop Anthonee Patterson to the entities named by classifying him as a 'trustee'. The Court continued on and states the Plaintiff supports his contention that proper service was made upon 'The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.' by "suggesting that the service upon Bishop Patterson ... as the designated 'registered agent' sufficed.

The Court thereupon stated that in Bishop Patterson's Answer he states that he does not purport to represent the interests of the other Defendants. The Court thereupon states that the Court will "consider Defendant Bishop Anthonee Patterson's Answer because it is a sufficient defense and offers material facts important to the Courts determination."    This conclusion is in violation of the law for the Plaintiff has clearly submitted a "Registration" filed in the State of

Florida by the Corporation known as the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., ( A copy of the same is annexed hereto.)

It appears the Court has intentionally chosen to ignore the corporate filing in Florida which was filed pursuant to Florida law and which is the proper basis for service and to instead give credence to a self serving statement made by a litigant who proposes to be a Bishop of his Church and yet admits he has never been formally educated in religious matters and is otherwise unprepared to minister to his congregations.

5. In declaring the above, the Court has apparently overlooked the Registration filed by the Corporation in Florida.  The Plaintiff has produced a certified copy of the Registration in Florida and the Court is bound to accept this as evidence through judicial notice provided to
the records of a sister State.  ( A copy of the same was attached to the previously filed Motion for Default and was in accord with the direction the Court gave the Plaintiff.)

6. In the Registration filed in the State of Florida, the Corporation known as The General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., gives the identity of the "Registered Agent" as "Patterson, Anthonee J. Bishop 1544 West 25th Street, Jacksonville, Florida 32209.  Both Florida law as well as the law in the Federal District Court also define the service as perfected by the Plaintiff as appropriate for the purpose of bringing the Defendants Trustees within the jurisdiction of This Court.   Both the Defendant Patterson as well as the Court seem to misunderstand the fact that the Plaintiff has simply brought suit against the individuals who occupy the position of directors or trustees of the Church and who are the parties specifically enumerated by notice filed with the State of Florida and pursuant to the requirements of the Florida Statutes related to

corporate registrations.

7. The Plaintiff also finds it unusual that the Court concludes there are "over forty entities with similar names" in Pennsylvania. Initially it is observed that the fact there are "similar" names is of no importance for before there could be confusion, there must be identical names. Nonetheless, the fact others may use the name is once again of no importance once the Plaintiff is able to demonstrate, as he did here, that the proposed Defendants used the name he identified as Defendants. (The Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., )   Further, Federal Rule of Civil Procedure, Rule 15, provides for circumstances where, as here, the Defendants have used names deceptively similar in describing themselves when dealing with the Plaintiff.

8. In the Plaintiff's Complaint, he identified the Defendants known as the "Trustees" were more specifically described as follows:

> "3. Trustees of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., are the persons who act in behalf of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and they maintain their
> Offices at 1534 North Davis Street, Jacksonville, Florida 32209.
>  They are Defendants herein."  Complaint; paragraph #3.

9.  In the Caption of the Complaint, the Plaintiff identified the Defendants as the "Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., with an address at 1534 N. Davis Street, Jacksonville, Florida 32209.

10. Therefore, the Plaintiff filed against the proper Defendants, the "Trustees"

of the corporation against whom he asserted a claim. He filed against three Defendants, the first being a Church with whom he had been told he was contracting, namely, "The Church of the Lord Jesus Christ of the Apostolic Faith, Inc." During Discovery, he learned that Church had developed disagreements with the congregation led by Bishop Anthonee J. Patterson and that Bishop Patterson had continued in tenancy of the property leased to the "Church of the Lord Jesus Christ of the Apostolic Faith, Inc.", but had adopted a new corporate entity, that being the "General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc." which used the address of the leased premises as the address of the "headquarters". The Plaintiff however, with knowledge that the congregation led by Bishop Patterson, had vacated those premises, asserted that as best he knew, the "Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc." could be served at an address in Jacksonville, Florida. A search of the Florida State Records provided an address and he prepared a Complaint filing a claim against the persons who were the ones he discovered were the parties who "acted in behalf of the Church" as is stated in Paragraph three of the Complaint. It is admitted that Paragraph three does state the Trustees of the Church of the Lord Jesus Christ of the Apostolic Faith Inc., instead of the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., as is defined in the Caption of the Complaint.

11. Nonetheless, the Plaintiff has filed against the TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., as is cited and thereafter, properly served those persons as designated in Florida by service upon the Registered Agent as is defined and cited in the attached Motion for Default Judgment filed herein and upon which

the Plaintiff once again Moves for Default.

    12. Federal Rule of Civil Procedure, Rule 15 states in part:
"(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been
placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be
freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

    13. By this Response, as well as the attached Motion to File an Amended Complaint, the Plaintiff respectfully prays the Court enter an Order in accord with Rule 15 above and permit the Plaintiff to cure any perceived defects in the Complaint by filing a Complaint which shall be amended to more particularily describe the Defendants in Paragraph three to be the "Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc." and to thereafter incorporate as a part of the requested Amendment, the fact that service has been made upon the Registered Agent in Florida in accord with the Florida law. ( The Plaintiff moves to incorporate by reference all the contents and exhibits contained in his Motion for Default Judgment filed on or about August 22, 2003.)

    14. The conclusion arrived at by the Court in the Order dated November 12,

2003, and which is found at the bottom of page two (2) thereof, wherein the Court stated:

> "This Court is not persuaded by Plaintiff's argument that in naming The 'Trustees', he intended to name the individual directors and/or officers of the first entity to which Bishop Patterson is associated and not the second entity to which Plaintiff has yet to effectuate service."

This conclusion overlooks the specific language of the Caption together with the assertion within Paragraph three wherein it is clearly asserted the Trustees are "<u>individuals</u>" who are being sued in their capacity as the persons who act in behalf of the Church and who maintain their "Office" at the same address of the Church, 1534 North Davis Street, Jacksonville, Florida 32209.  They were thereafter specifically defined as the Defendants herein." (Complaint; paragraph #3.)  No part of the Complaint refers to another corporate entity other than the "General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc." and the named Defendants are identified specifically as the "Trustees" of that Corporation.  The Plaintiff does not intend to sue a corporation which has no assets when he has been informed that all the decisions related to real estate or to the breach of the contract of rent, were made by the "Trustees" of the corporation while acting in their corporate capacity.

As stated in the previous filings incorporated by reference herein, the "Trustees" have subsequently been identified by Bishop Anthonee J. Patterson, (In his Deposition.) as the specific parties who "own" the assets of the "General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc." and therefore are properly before This Court and were properly served in accord with the law as the Court required.  That service was properly accomplished in accord with recognized law and was provided to the Court in previous filings which were never responded to by any person representing the defendants, the Trustees of the

General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc..

15. Should the Court elect to ignore the clear identification contained in the Caption of the Complaint and to continue to seek evidence that the Plaintiff's intention was to sue and serve the "Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.", the Plaintiff therefore respectfully prays the Court to Grant the Plaintiff's Motion to Amend the Complaint in accord with this Response.

WHEREFORE, the Plaintiff respectfully prays the Court enter an Order vacating the Order of November 14, 2003 and enter an Order Granting the Motion for Judgment by Default against the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., as prayed for in the prior Motion. In the alternative, the Plaintiff will seek to file an Amended Complaint which clarifies the specific identity of the persons sued.

                Respectfully submitted,

                Frank J. Marcone, Esquire
                Attorney for the Plaintiff,
                Kim Graves

November 25, 2003

Frank J. Marcone, Esquire  
Law Offices  
127 Chester Pike  
Ridley Park, Pennsylvania 19078  

Attorney ID#08967  
Telephone (610) 595 1441  
Fax (610) 595 1448  

_____

IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM GRAVES | : | **No.02-CV-4056** |
| 2238 East Deerfield Drive | : | |
| Upper Providence, Pennsylvania 19063 | : | |
|     Plaintiff | : | |
| | : | |
|     vs. | : | |
| The Church of the Lord Jesus Christ | : | |
| of the Apostalic Faith, Inc., | : | |
| 1534 N. Davis Street | : | |
| Jacksonville, Florida 32209 | : | |
|     Defendant | : | |
| | : | |
| | : | |
| Trustees of the General Assembly of | : | |
| the Church of the Lord Jesus Christ | : | |
| of the Apostolic Faith, Inc. | : | |
| 1534 N. Davis Street | : | |
| Jacksonville, Florida 32209 | : | |
|     Defendant | : | |
| | : | |
|     and | : | |
| | : | |
| Bishop Anthonee J. Patterson | : | |
| 1534 N. Davis Street | : | |
| Jacksonville, Florida 32209 | : | |
|     Defendant | : | |

MOTION REQUESTING PERMISSION TO FILE
AN AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL

PROCEDURE, RULE 15
_____

To the Honorable, Legrome D. Davis, Judge of the United States District Court for the Eastern District of Pennsylvania:

    Kim Graves, by his attorney, Frank J. Marcone, Esquire, files this Motion seeking permission to file an Amended Complaint in accord with the provisions of Federal Rule of Civil Procedure, Rule 15 and in support of the same avers the following:

    1. Kim Graves has filed a Complaint in the above captioned case, identifying a Defendant in the Caption of the Complaint as the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and in the body of the Complaint has incorrectly identified the same parties as the Trustees of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc..

    2. In the body of the Complaint, the Plaintiff properly identified the Trustees as individuals who were responsible for the operations of the Corporation which maintained an Office at 1534 North Davis Street, Jacksonville, Florida 32209.

    3. That the provisions of Rule 15 provide for an Amendment to the Pleadings if the Pleading changes the party or the naming of the party against whom the claim is asserted if the claim asserted in the amended pleading arose out of the conduct, tranaction or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party aginst who a claim is asserted if the foregoing provision is satisfied and within the period provided for service by Rule4(m) which provides service may be effected within the effective time (Service has been effected.) Or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend

the time for service for an appropriate period. In this case, the Plaintiff has effectuated service upon the Trustees in accord with both Federal as well as State of Florida laws.

    4. That the Trustees have been served by service upon the Registered Agent in the State of Florida and in accord with both Florida State law related to service of a Complaint as

well as the applicable Federal Law related thereto.

    5. The only Amendment requested is to specify that the parties sued were the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and not Trustees of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.. The only church which appears to maintain offices at 1534 North Davis Street, Jacksonville, Florida 32209 according to Florida Corporate filings are the Trustees of the General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., and the singular amendment is to add to any reference to the " Trustees" in the Complaint, to henceforth specifically identify them as Trustees of the Corporation known as the "General Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc., ( In accord with the specific Defendant named in the Caption.) and not the Trustees of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc..

    6. That this Motion is properly in accord with the provisions of Rule 15 as above.

    WHEREFORE, the Plaintiff respectfully prays the Court enter an Order

Granting the Plaintiff the right to Amend the Complaint in accord with the provisions of Rule 15 et seq.

    Respectfully submitted,


    _____
    Frank J. Marcone, Esquire
    Attorney for Kim Graves, Plaintiff

November 25, 2003

CERTIFICATE OF SERVICE

Frank J. Marcone, Esquire, attorney for the Plaintiff, Kim Graves files this Certificate of Service and thereby affirms that on November 26, 2003, he caused a copy of the attached RESPONSE TO THE COURT'S "RULE TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED AS TO DEFENDANT THE CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., AND DEFENDANT TRUSTEES OF THE GENERAL ASSEMBLY OF CHURCH OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC., FOR FAILURE TO DEMONSTRATE THAT SERVICE UPON THESE TWO DEFENDANTS HAS BEEN EFFECTUATED IN COMPLIANCE WITH FED. R. CIV. P. 4." and the MOTION REQUESTING PERMISSION TO FILEAN AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 15, together with the appropriate proposed Orders to the following by regular Mail, postage prepaid, first class to the following:

    The Trustees of the General Assembly of the Church of
    The Lord Jesus Christ of the Apostolic Faith, Inc.,
    1544 West 25th Street
    Jacksonville, Florida 32209

    George E. Patterson, Sr.
    1584 West 12th Street
    Jacksonville, Florida 32209

    Minister Fincourt B. Shelton, Esquire
    1416 Tanglewood Drive
    North Wales, Pennsylvania

    Minister Jerral Patterson
    147 West 7th Street
    Jacksonville, Florida 32206

    Deacon Joseph Askew
    424 Lincoln Drive
    Glen Burnie, Maryland 21060

    Charles J. Grant, Esquire
    1818 Market Street
    Thirty Third Floor
    Philadelphia, Pennsylvania 19103

    _____
    Frank J. Marcone, Esquire                                                                November 26, 2003

IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM GRAVES | : | **No.02-CV-4056** |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| The Church of the Lord Jesus Christ | : | |
| of the Apostalic Faith, Inc., | : | |
|     Defendant | : | |
| | : | Trustees of the |
| General Assembly of | : | |
| the Church of the Lord Jesus Christ | : | |
| of the Apostolic Faith, Inc. | : | |
|     Defendant | : | |
|         and | : | |
| Bishop Anthonee J. Patterson | : | |
|     Defendant | : | |

ORDER

AND NOW, to wit, this          day of                    ,2003, upon consideration of the Response filed by the Plaintiff, the Order of November 14, 2003 is vacated and a judgment by default is entered as previously Pleaded.

      By the Court:

_____
Hon Legrome D. Davis, Judge

IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM GRAVES | : | **No.02-CV-4056** |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| The Church of the Lord Jesus Christ | : | |
| of the Apostalic Faith, Inc., | : | |
|     Defendant | : | |
| Trustees of the General Assembly of | : | |
| the Church of the Lord Jesus Christ | : | |
| of the Apostolic Faith, Inc. | : | |
|     Defendant | : | |
|     and | : | |
| Bishop Anthonee J. Patterson | : | |
|     Defendant | : | |

ORDER

AND NOW, to wit, this         day of                 ,2003, upon consideration of the Motion filed by the Plaintiff, the Order of November 14, 2003 is vacated and the Plaintiff shall be permitted to file an Amended Complaint and perfect service thereon within         days of this Order.

      By the Court:

      _____
      Hon Legrome D. Davis, Judge

Case 2:02-cv-04056-LDD    Document 29    Filed 11/26/2003    Page 17 of 17